**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4801

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

          versus

ALLEN BAIRD, a/k/a Scratch,

                              Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:06-cr-00031)

Submitted: February 22, 2007          Decided:  February 28, 2007

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George B. Vieweg, III, BAYLISS & PHELAN, PLLC, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, R. Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allen Baird pled guilty to aiding and abetting the distribution of five grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a) (2000), and was sentenced as a career offender, see U.S. Sentencing Guidelines Manual § 4B1.1 (2005), to 220 months imprisonment. Baird appeals, arguing that his sentence is plainly unreasonable because the district court did not depart below the career offender guideline range. We affirm.

At his sentencing hearing, Baird did not contest the calculation of the advisory guideline range contained in the presentence report, and conceded that he qualified for sentencing as a career offender because he had two prior felony drug convictions. His attorney commented that Baird's career offender status was "patently unfair" because the prior offenses involved small amounts of cocaine and because Baird had a history of drug abuse. Counsel acknowledged that the career offender sentencing scheme was "out of the control of this Court, [and] it could only change via Congress or the Supreme Court." Counsel requested a sentence at the low end of the advisory guideline range. It is not evident from the materials presented on appeal that Baird requested a sentence outside the guideline range. On appeal, however, Baird contends that his sentence is presumptively unreasonable because the district court failed to give him a variance sentence within

- 2 -

the range that would have applied had he not been a career offender.

The sentencing court's first responsibility, even after <u>United States v. Booker</u>, 543 U.S. 220 (2005), is to correctly determine the applicable guideline range. <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005). Baird does not allege that the district court erred in this respect. If the court then determines that a sentence within that range does not serve the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), the court may consider a departure or a variance sentence. The record here discloses that the district court was well aware of its responsibilities, and decided that it could not discern "any reason not to apply the career offender provisions . . . . or to apply a sentence that is outside the guideline range." Consequently, we find no basis for concluding that the sentence is unreasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 3 -